UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  ED CV 17-01219-MWF (KKx)          Date:  September 12, 2017
Title:    Jocer Enterprises, Inc. -v.- Compass Construction, Inc.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

      Deputy Clerk:                                      Court Reporter:
      Rita Sanchez                                      Not Reported

      Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
      None Present                                      None Present

      **Proceedings (In Chambers):**        ORDER RE MOTION TO REMAND [11]

Before the Court is Plaintiff Jocer Enterprises, Inc.'s ("Jocer") Motion to Remand (the "Motion"), filed August 9, 2017. (Docket No. 11). Defendant Compass Construction, Inc. ("Compass"), filed its Opposition on August 22, 2017. (Docket No. 13). Jocer filed its Reply on August 28, 2017. (Docket No. 14). The Court has read and considered the papers filed on the Motion and held a hearing on **September 11, 2017**.

For the reasons set forth below, the Motion is **GRANTED**. The parties do not dispute that the contract at issue contained a valid forum selection clause. Compass fails to meet its burden to show that enforcing the forum selection clause is unreasonable under the circumstances.

I.   **BACKGROUND**

On April 27, 2017, Jocer filed a Complaint in San Bernardino County Superior Court alleging claims for indemnity, contribution, apportionment, and declaratory relief under California Law. (*See generally* Complaint (Docket No. 1-1)). Jocer's claims all arise out of a contract for the design and construction of a horse pen. (Complaint, Ex. A). Jocer states, and Compass does not dispute, that the pen was designed and fabricated in Fontana, in San Bernardino County, and intended to be shipped to Florida. (Mot. at 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 17-01219-MWF (KKx)          Date:  September 12, 2017
Title:    Jocer Enterprises, Inc. -v.- Compass Construction, Inc.

The operative Complaint also includes the following provision, in a section titled Legal Action/Liquidation Damages:

> As an inducement for Buyer/CB to enter into this contract, both parties have specifically negotiated venue for any legal issues that may arise out of this contract; therefore, notwithstanding where the contract is signed, venue shall be located in Fontana, CA.

(Compl., Ex. A). Compass contends, and Jocer does not dispute, that the contract was a contract of adhesion, and the venue provision was not specifically negotiated by the parties. (Opp. at 2–3). There are no federal district court houses in Fontana; there is only a San Bernardino County Superior Courthouse. (Mot. at 3).

Compass was properly served with the Complaint, and filed its Notice of Removal on June 20, 2017. (Docket No. 1).

## II.    DISCUSSION

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 17-01219-MWF (KKx)		Date:  September 12, 2017
Title:	Jocer Enterprises, Inc. -*v.*- Compass Construction, Inc.

A valid forum selection clause may designate a particular state court as a forum for disputes.  *See Pelleport Inv'rs, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279 (9th Cir. 1984) (approving application of the Supreme Court's forum selection clause jurisprudence "to the domestic context").  A forum selection clause may thus be a basis for seeking remand under § 1447(c).  *See id.*  Moreover, contrary to Compass' contention, "the thirty-day statutory time limit does not apply to a motion to remand based on a forum selection clause."  *Kamm v. ITEX Corp.*, 568 F.3d 752, 757 (9th Cir. 2009).  Therefore, Jocer's Motion, filed 50 days after the Notice of Removal but before any proceedings of substance occurred in this Court, was filed timely.  *See id.* (requiring motions to remand "be brought within a reasonable time frame").

Here, the parties do not dispute that the forum selection clause is mandatory, and designates the city of Fontana as the sole venue for disputes arising out of the operative contract.  The language of the forum selection clause supports this interpretation; the clause specifies that "venue shall be located *in Fontana*," (emphasis added).  Contrary to Compass' suggestion at the hearing, this language excludes this Court, located in Los Angeles, as a possible venue.  The phrase "venue shall be located in Fontana, CA" uses the same construction as another forum selection clause that the Ninth Circuit has held to be mandatory.  *See Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (holding that the phrase "[v]enue of any action brought hereunder shall be deemed to be in . . . Virginia" was mandatory).  As the Ninth Circuit instructed in that case, "where venue is specified with mandatory language the clause will be enforced."  *Id.* The forum selection clause at issue in this action is thus mandatory.

"Absent some evidence submitted by the party opposing enforcement of the clause to establish fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court," a forum selection clause "should be respected as the expressed intent of the parties." *Pelleport*, 741 F.2d at 280 (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–19 (1972)).

The presumption in favor of enforcing forum selection clauses is sufficiently strong that the Supreme Court has required district courts to adjust their forum

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 17-01219-MWF (KKx)          Date:  September 12, 2017
Title:    Jocer Enterprises, Inc. -v.- Compass Construction, Inc.

selection analysis in three ways when confronted by one, two of which are relevant here.  *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581–82 (2013).  First, the party seeking to avoid the forum selection clause "must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed."  *Id.* at 582.  Second, district courts must deem the parties' private interests to favor the preselected forum because "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."  *Id.*  "As a consequence, a district court may consider arguments about public-interest factors only."  *Id.*  Because the forum selection clause may have affected the parties' expectations when entering into the contract, or indeed been a critical factor in the decision to do business at all, the Supreme Court has instructed that "[i]n all but the most unusual cases . . . 'the interest of justice' is served by holding parties to their bargain."  *Id.* at 583.

Compass contends that the forum selection clause is overly burdensome because litigating about a pen intended for delivery to a Florida business would inconvenience Compass and its witnesses.  (Opp. at 3).  This argument is foreclosed by the second adjustment outlined in *Atlantic Marine*, which prohibits the Court from considering the private interests of the parties, including their convenience.  Under *Atlantic Marine*, it is presumed that the parties worked such issues out in advance before agreeing to litigate in the specified forum.

Compass additionally contends that the forum selection clause is unenforceable because it was not bargained-for, but included in a contract of adhesion.  Relatedly, Compass contends that the clause is contrary to Florida statute.  But it is federal, not state law, that controls when enforcing forum selection clauses.  *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) (holding that federal law applies to the procedural and substantive interpretation of forum selection clauses).  And federal law makes clear that even forum selection clauses included in contracts of adhesion are enforceable.  *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–95 (1991) (overruling the Ninth Circuit's holding that adhesive forum selection clauses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  ED CV 17-01219-MWF (KKx)          Date:  September 12, 2017
Title:    Jocer Enterprises, Inc. -v.- Compass Construction, Inc.

are never enforceable, and explaining that so long as the clause meets the requirements of "fundamental fairness" it should be upheld).  There is no indication here that the forum selection clause flouts principles of fundamental fairness, either through fraud, lack of notice, or for any other reason.  *See id.* at 595.

Accordingly, the Court concludes that the Motion is timely, and the forum selection clause is mandatory and enforceable.  At the hearing, counsel focused on what is the real issue here — not whether the clause is enforceable, but what does it mean?  Compass argued that this District Court has jurisdiction over Fontana, and therefore remand would be inappropriate.  Clauses will often specify "any court of competent jurisdiction" or "the Superior or United States District Court."  But as discussed above, the specific wording of the clause is focused on Fontana.  If there were no Superior Courthouse in Fontana, then that argument would carry more weight.  The intent of the parties was for the forum to be as "local" as possible, and that is clearly Superior Court, not United States District Court.

## III.  CONCLUSION

For the foregoing reasons, the Motion is **GRANTED.**  The Court **REMANDS** the action to the San Bernardino County Superior Court located in Fontana, California.  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

IT IS SO ORDERED.